# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40558
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1444-1

Before BENAVIDES, SOUTHWICK and COSTA, Circuit Judges.

PER CURIAM:[*]

Rafael Cruz appeals his guilty plea conviction and sentence for conspiracy to commit hostage taking. He argues that his guilty plea is involuntary because the district court violated Federal Rule of Criminal Procedure 11(c)(1) by improperly participating in plea negotiations. Specifically, he asserts that the district court made statements to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40558

codefendant, Roberto Cruz, at the rearraignment proceeding explaining that a lesser sentence might result from a guilty plea.

Because Rafael Cruz did not object on this basis in the district court, this court reviews for plain error. *See United States v. Davila*, 133 S. Ct. 2139, 2148-50 (2013) (rejecting contention that improper participation in plea discussions under Rule 11 requires automatic vacatur rather than analysis under the ordinary harmless and plain error standards); *United States v. Vonn*, 535 U.S. 55, 58-59 (2002).

Rafael Cruz fails to show that the district court participated in any discussions during plea negotiations. The statements of which he complains were made by the district court after Rafael Cruz's plea agreement had been negotiated by the parties and disclosed to the district court. There is nothing in the record to show a reasonable probability that the district court's remarks to Roberto influenced Rafael Cruz's decision to plead guilty. Thus, he fails to show error, much less reversible plain error, by the district court. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The judgment of the district court is AFFIRMED.